UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| Marc Martel, | Docket No. 1:17-cv-00407-SM |
| Plaintiff, | |
| v. | |
| Computer Sciences Corporation, | |
| Defendant. | |

### PLAINTIFF'S MOTION TO COMPEL DISCOVERY

Plaintiff, Marc Martel, moves to compel Defendant, Computer Sciences Corporation ("CSC"), for discovery of information and documents related to any investigation of Mr. Martel's ethics complaint, as follows:

1. Mr. Martel's complaint alleges that CSC terminated his employment in August of 2014 because of his age.

2. Prior to Mr. Martel's termination, he filed an internal ethics complaint, which included a complaint of age discrimination. *See* First Amended Complaint, doc. no. 19, ¶ 31.

3. On June 8, 2018, Mr. Martel propounded Interrogatories and Requests for Production of Documents upon CSC.

4. Request for Production No. 9 asked CSC to "Please produce all document related to investigation of Plaintiff's 2014 internal ethics complaint." Exhibit A, Plaintiff's First Set of Interrogatories and Requests for Production of Documents at 12.

5. On October 22, 2018, CSC responded to Request No. 9, in relevant part, as follows:

> Defendant objects to Request for Production No. 9 to the extent that it calls for the production of documents protected by the attorney-client privilege, work-product doctrine, and/or any other privilege or doctrine that would protect the disclosure of such documents. Defendant intends to withhold documents pursuant to this objection and refers Plaintiff to its Privilege Log that has been provided with these responses.
>
> Defendant objects to Request for Production No. 9 as overly broad in that it calls for the production of "all documents." Defendant, subject to its objections and a reasonably narrow interpretation of this Request, will perform a reasonable, good-faith, and proportional search for documents responsive to this Request.
>
> Without waiving and as limited by these objections, as Defendant understands the request and as reasonably limited in scope, Defendant answers this Request for Production as follows:
>
> Defendant will produce non-privileged, responsive documents following the entry of a mutually agreeable protective order.

Exhibit B, Response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents at 49.

6. Request for Production No. 14 asked CSC to "Please produce any and all documents relating to Defendant's defenses (including, but not limited to, each affirmative defense) to this action." Exhibit A, Plaintiff's First Set of Interrogatories and Requests for Production of Documents at 12.

7. On October 22, 2018, CSC responded to Request No. 14, in relevant part, as follows:

> Defendant objects to Request for Production No. 14 as duplicative. The documents requested in Request for Production No. 14 are merely a subset of the documents requested in Request for Production No. 13.
>
> Defendant refers Plaintiff to its objections and Response to Request for Production No. 13 as if fully set forth herein.

Exhibit B, Response to Plaintiff's First Set of Interrogatories and Requests for Production of Documents at 53.  The Defendants objected to Request for Production No. 13 as follows:

> Defendant also objects to Request for Production No. 13 to the extent that it calls for the production of documents protected by the attorney-client privilege, work-product doctrine, and/or any other privilege or doctrine that would protect the disclosure of such documents.
>
> Defendant intends to withhold documents pursuant to this objection and refers Plaintiff to its Privilege Log that has been provided with these responses.

*Id.* at 52.

8. On October 22, 2018, CSC also produced a privilege log in which it identified documents related to an investigation into Mr. Martel's ethics complaint.

9. One of Defendant's affirmative defenses is, "Defendant did not violate the statutes cited in the Complaint; alternatively, Defendant made good faith efforts to comply with employment-related laws, and any discriminatory act, omission, or decision by any managerial agent would have been contrary to those efforts."  Answer, doc. no. 6, at ¶52.

10. On December 21, 2018, Mr. Martel sent a letter to CSC renewing his request for documents relating to any investigation of his ethics complaint.  Mr. Martel's counsel wrote:

> In the case of Walker v. N.H. Admin. Office of the Courts, 2013 U.S. Dist. LEXIS 24506, *16 (D.N.H. Feb. 22, 2013), our Court stated:
>
> > Courts have found it unfair and illogical to allow an employer to assert the reasonableness of an investigation as an affirmative defense, and, at the same time, withhold relevant evidence under the guise of privilege or work product protection. In such situations, courts have found implied waivers as to documents generated in a sexual harassment investigation, where the employer asserts as an affirmative defense that it exercised reasonable care to prevent and correct promptly any discriminatory or sexually harassing behavior. See Angelone v. Xerox Corp., No. 09-cv-6019-CJS, 2012 U.S. Dist. LEXIS 20482, 2012 WL 537492, *3 (W.D.N.Y. Feb. 17, 2012).
>
> One of your client's affirmative defenses is, "Defendant did not violate the statutes cited in the Complaint; alternatively, Defendant made good faith efforts to

>  comply with employment-related laws, and any discriminatory act, omission, or decision by any managerial agent would have been contrary to those efforts." Thus, we believe we are entitled to the investigative report and related documents. We do not believe any further discussion of this issue makes sense as we have cited the relevant law in our jurisdiction. However, if you still think a call is necessary, please call me on January 2, 2019. If we do not receive the documents by the end of the day on January 2, 2019, we plan to file a motion to compel.

Exhibit C, Letter dated December 21, 2018.

11.     On January 2, 2019, CSC provided Mr. Martel with a second supplement to its response to Mr. Martel's June 8, 2018, discovery requests. The supplement did not include documents related to the investigation of Mr. Martel's ethics complaint. Attorney Irwin sent CSC's counsel an e-mail asking if CSC is "continuing to maintain that the Investigation Report documents are privileged and not discoverable." Attorney Irwin did not receive a response.

12.     Mr. Martel is entitled to documents related to the investigation of his ethics complaint if CSC intends to assert that it "made good faith efforts to comply with employment-related laws, and any discriminatory act, omission, or decision by any managerial agent would have been contrary to those efforts." Answer, doc. no. 6, at ¶52; *see Walker v. N.H. Admin. Office of the Courts*, 2013 U.S. Dist. LEXIS 24506, *16 (D.N.H. Feb. 22, 2013) ("Courts have found it unfair and illogical to allow an employer to assert the reasonableness of an investigation as an affirmative defense, and, at the same time, withhold relevant evidence under the guise of privilege or work product protection."); *Cooper v. YMCA of Greater Providence*, 17-cv-601-JNL-AKJ, 2018 DNH 247, at *7 (D.R.I. Dec. 12, 2018) ("Because GPYMCA has affirmatively represented that it does not rely on the advice of that counsel in asserting or proving its good-faith and Faragher–Ellerth affirmative defenses, those communications remain privileged.").

13.     No memorandum of law is required as all legal citations are contained in this motion.

14. We contacted counsel for Defendant yesterday by email to seek assent for the filing of the motion, but have not heard back and, thus, we presume they do not assent to the relief requested herein.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court:

A. Grant the Plaintiff's Motion to Compel Discovery of information and documents related to any investigation into Mr. Martel's ethics complaint; and

B. Grant such other and further relief as may be equitable and just.

Respectfully submitted,

MARC MARTEL, Plaintiff

By His Attorneys

UPTON & HATFIELD, LLP

Date: January 11, 2019         By: /s/ Lauren S. Irwin
                                   Lauren S. Irwin (NHBA #10544)
                                   Heather M. Burns (NHBA #8799)
                                   10 Centre Street, PO Box 1090
                                   Concord, NH  03302-1090
                                   (603) 224-7791
                                   hburns@uptonhatfield.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served via electronic filing upon counsel of record for Defendant.

Date: January 11, 2019         /s/ Lauren S. Irwin
                               Lauren S. Irwin