UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MARC MARTEL, | § |
|          Plaintiff, | § Civil Action No. 1:17-cv-00407 |
| v. | § Judge McAuliffe |
| COMPUTER SCIENCES CORPORATION, | § |
|          Defendant. | § |

**DEFENDANT COMPUTER SCIENCES CORPORATION'S
RESPONSES TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant, Computer Sciences Corporation ("Defendant" or "CSC") and, pursuant to applicable Rules, Orders of the Court, and stipulations with Plaintiff Marc Martel ("Plaintiff" or "Martel") as to timing, responds to Plaintiff's First Set of Interrogatories and Requests for Production of Documents as follows. The responses below represent the product of Defendant's reasonable knowledge to date. Further investigation and discovery may bring to light additional information that may have a bearing on these responses. Thus, these responses may not represent the entirety of existing, pertinent information. If any part of these responses is ever read to the judge or jury, fairness requires that this preliminary statement also be read, indicating that these responses and objections are based on currently available information and may be subject to additional information.

1

**REQUEST FOR PRODUCTION NO. 9:**

Please produce all documents related to investigation of Plaintiff's 2014 internal ethics complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Defendant also refers Plaintiff to its Response to Request for Production No. 1 and Request for Production No. 4.

Defendant objects to Request for Production No. 9 to the extent that it calls for the production of documents protected by the attorney-client privilege, work-product doctrine, and/or any other privilege or doctrine that would protect the disclosure of such documents. Defendant intends to withhold documents pursuant to this objection and refers Plaintiff to its Privilege Log that has been provided with these responses.

Defendant objects to Request for Production No. 9 as overly broad in that it calls for the production of "all documents." Defendant, subject to its objections and a reasonably narrow interpretation of this Request, will perform a reasonable, good-faith, and proportional search for documents responsive to this Request.

Without waiving and as limited by these objections, as Defendant understands the request and as reasonably limited in scope, Defendant answers this Request for Production as follows:

Defendant will produce non-privileged, responsive documents following the entry of a mutually agreeable protective order.

intends to withhold documents pursuant to this objection and will prepare and provide the appropriate privilege log.

Without waiving such objections, Defendant refers Plaintiff to its objections and Responses to Request for Production Nos. 1 through 11 and 13 through 17.

**REQUEST FOR PRODUCTION NO. 13:**

Please produce any documents related to Defendant's Answer to Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Defendant objects to Request for Production No. 13 as vague, speculative, and not descriptive with reasonable particularity. It is unclear what Plaintiff means by the phrase "related to Defendant's Answer to [the First Amended] Complaint." This leaves Defendant having to guess as to what makes a document "related to" Defendant's Answer.

Defendant objects to Request for Production No. 13 as overly broad in substantive scope, not proportional to the needs of the case, and not designed to produce information relevant to any party's claims or defenses, unduly burdensome, and disproportional to the needs of the case. Request for Production No. 13 is worded too broadly and requires Defendant to guess in order to determine which of many pieces of paper and/or electronic information contain some detail within the scope of the Request. Requests such as Request for Production No. 13 would require the compilation and review of a multitude of documents having no possible relevance to the lawsuit. Request for Production No. 13 is the epitome of an overly broad and unduly burdensome request.[24]

---

[24] *Dauska v. Green Bay Packaging, Inc.*, 291 F.R.D. 251 (E.D. Wisc. 2013).

Defendant also objects to Request for Production No. 13 to the extent that it calls for the production of documents protected by the attorney-client privilege, work-product doctrine, and/or any other privilege or doctrine that would protect the disclosure of such documents. Defendant intends to withhold documents pursuant to this objection and refers Plaintiff to its Privilege Log that has been provided with these responses.

Without waiving such objections, Defendant refers Plaintiff to its objections and Responses to Request for Production Nos. 1 through 12 and 14 through 17.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce any and all documents relating to Defendant's defenses (including, but not limited to, each affirmative defense) to this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Defendant objects to Request for Production No. 14 as duplicative. The documents requested in Request for Production No. 14 are merely a subset of the documents requested in Request for Production No. 13.

Defendant refers Plaintiff to its objections and Response to Request for Production No. 13 as if fully set forth herein.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce any and all witness statements relating to Defendant's defenses to this action.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Defendant objects to Request for Production No. 15 to the extent that it calls for the production of documents protected by the attorney-client privilege, work-product doctrine,

Without waiving and as limited by these objections, as Defendant understands the request and as reasonably limited in scope, Defendant answers this Request for Production as follows:

Defendant has made a reasonable and diligent search for documents responsive to this Request and believes that no such documents exist.

Respectfully submitted,

/s/ 

F. Daniel Wood (admitted *pro hac vice*)
The Kullman Firm, P.L.C.
600 University Park Place, Suite 340
Birmingham, AL 35209
Telephone: (205) 871-5858
Facsimile: (205) 871-5874
E-mail: fdw@kullmanlaw.com

William D. Pandolph (N.H. Bar # 5579)
Sulloway & Hollis P.L.L.C.
9 Capitol Street & 29 School Street
Concord, NH 03301
Telephone: (603) 224-2341
Facsimile: (603) 223-2934
E-mail: wpandolph@sulloway.com

Bryan Edward Bowdler (admitted *pro hac vice*)
The Kullman Firm, P.L.C.
1100 Poydras Street, Suite 1600
New Orleans, LA 70163
Telephone: (504) 524-4162
Facsimile: (504) 596-4144
E-mail: beb@kullmanlaw.com

**COUNSEL FOR DEFENDANT,
COMPUTER SCIENCES
CORPORATION**