Russell F. Hilliard
James F. Raymond
Barton L. Mayer
Heather M. Burns
Lauren Simon Irwin
Justin C. Richardson
Michael S. McGrath*
Jeanne S. Saffan**
Peter W. Leberman
Sabrina C. Beavens***
Susan Aileen Lowry
Nathan C. Midolo****
Michael P. Courtney*
Brooke Lovett Shilo



Upton & Hatfield LLP
ATTORNEYS AT LAW

Serving New Hampshire since 1908

*Of Counsel*
Douglas S. Hatfield
Gary B. Richardson
John F. Teague
Charles W. Grau
Thomas W. Morse
Norman H. Makechnie
Jeffrey R. Crocker

* Also admitted in MA
** Also admitted in MA & NY
*** Also admitted in FL
**** Also admitted in MN

December 21, 2018

<u>VIA EMAIL AND FIRST CLASS MAIL</u>

William D. Pandolph, Esq.
Sulloway & Hollis, PLLC
9 Capitol Street
Concord, NH 03301

F. Daniel Wood, Jr., Esq.
The Kullman Firm
600 University Park Avenue, Ste. 340
Birmingham, AL 35209

Bryan Edward Bowdler, Esq.
The Kullman Firm
1100 Poydras Street, Ste. 1600
New Orleans, LA 70163

      Re:    Martel v. Computer Sciences Corporation
               Case No. 217-2017-cv-00359

Dear Counsel:

     I write in response to your letter of December 18, 2018. It appears that we left the November 7, 2018 telephone conference with different ideas of what was to be done. We thought you would be providing information to us by December 7, 2018. Now that we have realized that you did not share that understanding, let's move forward.

<u>Production of the Report of Investigation:</u>

     In the case of <u>Walker v. N.H. Admin. Office of the Courts</u>, 2013 U.S. Dist. LEXIS 24506, *16 (D.N.H. Feb. 22, 2013), our Court stated:

> Courts have found it unfair and illogical to allow an employer to assert the reasonableness of an investigation as an affirmative defense, and, at the same time, withhold relevant evidence under the guise of privilege or work product

December 21, 2018
Page 2

protection. In such situations, courts have found implied waivers as to documents generated in a sexual harassment investigation, where the employer asserts as an affirmative defense that it exercised reasonable care to prevent and correct promptly any discriminatory or sexually harassing behavior. See Angelone v. Xerox Corp., No. 09-cv-6019-CJS, 2012 U.S. Dist. LEXIS 20482, 2012 WL 537492, *3 (W.D.N.Y. Feb. 17, 2012).

One of your client's affirmative defenses is, "Defendant did not violate the statutes cited in the Complaint; alternatively, Defendant made good faith efforts to comply with employment-related laws, and any discriminatory act, omission, or decision by any managerial agent would have been contrary to those efforts." Thus, we believe we are entitled to the investigative report and related documents. We do not believe any further discussion of this issue makes sense as we have cited the relevant law in our jurisdiction. However, if you still think a call is necessary, please call me on January 2, 2019. If we do not receive the documents by the end of the day on January 2, 2019, we plan to file a motion to compel.

Interrogatories Nos. 6 through 8:

Please note that when we responded to your request for confirmation on November 29, 2018, we let you know that we do want Interrogatory No. 6 answered only as it relates to the affirmative defense related to after-acquired evidence.

Request for Production No. 4:

We have reviewed your proposed search terms and protocols and will be suggesting additions and revisions. We will send you our proposal early in January.

Very truly yours,

Lauren S. Irwin
lirwin@uptonhatfield.com
(603) 224-7791

LSI/mrs
cc: Marc Martel (via email)
    Heather M. Burns, Esq.
    Linda Regan, Paralegal