UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MARC MARTEL, § | |
| § | Civil Action No. 1:17-cv-00407 |
| Plaintiff, § | |
| § | |
| v. § | Judge McAuliffe |
| § | |
| COMPUTER SCIENCES § | |
| CORPORATION, § | |
| § | |
| Defendant. § | |

### SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

NOW INTO COURT, through undersigned counsel, comes Defendant Computer Sciences Corporation ("Defendant" or "CSC") and hereby submits its Sur-Reply in Opposition to Plaintiff's Motion to Compel in order to briefly respond to Plaintiff Marc Martel's Reply to Opposition to Motion to Compel (the "Reply").[1]

1.  In the Reply, Plaintiff does not refute the bases for CSC's opposition in any way. Instead, Plaintiff speculates that theoretically Plaintiff may testify that he made a complaint to CSC's ECO, that the ECO investigated his complaint, and that he was not told of the results of the investigation; Plaintiff then speculates that CSC *may* then argue that Plaintiff has opened the door and might use the Report of Investigation as rebuttal evidence. Plaintiff concludes that such use would constitute an impermissible "sword and shield".[2] Plaintiff asserts ultimately, without any analysis or authority, that this future hypothetical justifies a current finding that CSC has impliedly waived a sacrosanct privilege. Simply put, Plaintiff's speculation does not establish waiver and Plaintiff's Motion to Compel should be denied.

---

[1] Rec. Doc. 27-1.
[2] *Id.* at ¶ 3.

1

2.       Plaintiff's speculation does not provide a sufficient (let alone any) basis for the Court to conclude that Defendant is using attorney-client privilege information as both sword and a shield.  Indeed, the cases cited by Defendant previously show that in order for an implied waiver to be found, the party claiming privilege must *actually* use the information as both a sword and a shield.³

3.       Simply put, Plaintiff's rote and unsubstantiated speculation does not carry his burden of showing the Court that Defendant has used the Report of Investigation as both a sword and shield and thereby waived it privilege by implication.  The Motion to Compel should therefore be denied.

**WHEREFORE**, Defendant Computer Sciences Corporation prays that after due proceedings are had, this Honorable Court deny Plaintiff Marc Martel's Motion to Compel.

Respectfully submitted this the 6th day of February, 2019.

/s/Bryan Edward Bowdler
Bryan Edward Bowdler (admitted *pro hac vice*)
The Kullman Firm, P.L.C.
1100 Poydras Street, Suite 1600
New Orleans, LA  70163
Telephone:  (504) 524-4162
Facsimile:  (504) 596-4144
E-mail:  beb@kullmanlaw.com

/s/William D. Pandolph
William D. Pandolph (N.H. Bar # 5579)
Sulloway & Hollis P.L.L.C.
9 Capitol Street & 29 School Street
Concord, NH 03301

---

³ *Walker v. N.H. Admin. Office of the Courts*, 2013 WL 672584, at *6 (D.N.H. Feb. 22, 2013) ("Defendants have not sought to use attorney-client privilege or work product protection as a sword and shield…"); *accord Williams v. Sprint/United Management Co.*, 464 F. Supp. 2d 1100, 1108 (D. Kan. 2006); *Frazier v. Bd. of Cty. Comm'rs of Cty. of Arapahoe*, No. 08-cv-02730-WYD-BNB, 2010 WL 447785 at *3 (D. Colo. Feb. 3, 2010), *objections overruled sub nom. Frazier v. Bd. of Cty. Comm'rs of Cty. of Arapahoe*, 2010 WL 11553297 (D. Colo. June 24, 2010).

3

Telephone:  (603) 224-2341
Facsimile:  (603) 223-2934
E-mail:  wpandolph@sulloway.com

F. Daniel Wood (admitted *pro hac vice*)
The Kullman Firm, P.L.C.
600 University Park Place, Suite 340
Birmingham, AL 35209
Telephone:  (205) 871-5858
Facsimile:  (205) 871-5874
E-mail:  fdw@kullmanlaw.com


**COUNSEL FOR DEFENDANT,
COMPUTER SCIENCES
CORPORATION**

## **CERTIFICATE OF SERVICE**

  I certify that on February 6, 2019 I filed the foregoing using the Court's CM/ECF notice that will send electronic notice of filing to the following:

    Lauren Simon Irwin, Esq.
    Heather M. Burns, Esq.
    Upton & Hatfield, LLP
    10 Centre Street
    P.O. Box 1090
    Concord, NH 03302-1090
    lirwin@upton-hatfield.com
    hburns@upton-hatfield.com

        */s/Bryan Edward Bowdler*
        Counsel for Defendant