**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


Marc Martel

v.

Case No. 17-cv-407-SM
Opinion No. 2019 DNH 082

Computer Sciences Corp.


**ORDER**

Before the court in this employment discrimination case is plaintiff Marc Martel's motion to compel discovery (Doc. No. 24). Defendant Computer Sciences Corp. ("CSC") objected, and, after oral argument, the parties supplemented their filings. For the reasons that follow, plaintiff's motion is denied.

Martel claims he was fired in August 2014 because of his age. CSC maintains that Martel's termination was part of a permissible reduction in force ("RIF"). Prior to his termination, Martel filed an internal ethics complaint regarding a performance review. After receiving notice of the RIF, Martel again complained to CSC's Ethics and Compliance Office ("ECO"), stating his belief that his termination was unlawful. The ECO investigated Martel's complaints and prepared a Report of Investigation for CSC's Director of Global Compliance, Investigation and Litigation, an attorney. Martel requested production of the report. CSC declined to produce the report, relying on the attorney-client and work product privileges.

Martel does not dispute that the report is privileged, but

instead argues that CSC impliedly waived the privileges'

protection by asserting the following affirmative defense in its

answer:

> Defendant did not the violate statutes cited in the
> Complaint; alternatively, Defendant made good faith
> efforts to comply with employment-related laws, and
> any discriminatory act, omission, or decision by any
> managerial agent would have been contrary to those
> efforts.

Answer (Doc. No. 20) at 60, ¶ 6.

Martel argues that CSC's invocation of "good faith" in this

affirmative defense necessarily suggests that CSC is "relying on

the investigation, the results of the investigation, and/or the

reasonableness of the investigation." Pltff. Response (Doc. No.

35) ¶ 3. Asserting privilege in the face of such reliance,

Martel argues, would be contrary to decisions from this and

other courts finding "it unfair and illogical to allow an

employer to assert the reasonableness of an investigation as an

affirmative defense, and, at the same time, withhold relevant

evidence under the guise of privilege or work product

protection." Walker v. N.H. Admin. Office of the Courts, Civ.

No. 11-cv-421-PB, 2013 WL 672584, at *6 (D.N.H. Feb. 22, 2013).

Although plaintiff has cited the correct legal principle,

that principle is inapposite here because the defense has

repeatedly indicated that it has no intention of relying on the

contents or conclusion of the investigative report to defend

this case.  Instead, the defendant intends to support its

affirmative defense "with evidence of its Equal Employment

Opportunity Policy, Code of Business Conduct, employee

acknowledgements, training practices, etc."  Pltff. Opp. (Doc.

No. 25) ¶ 19.  This is not a case, as plaintiff contends, where

the defense is impermissibly trying to use the privilege "as a

sword and a shield."  Walker, 2013 WL 672584, at *6.[1]  See

Pollitt v. N.C. Prisoner Legal Servs., Inc., No. 5:05-CV-220-BO,

2006 WL 8438635, at * 2 (E.D.N.C. Sept. 22, 2006) ("Where

employers disavow reliance upon their investigations as a

defense, the attorney-client privilege is not waived.").

    Martel's only remaining argument is that CSC might use the

investigative report as rebuttal evidence should Martel "open

the door" during his own testimony.  Pltff. Reply (Doc. No. 30)

---

[1] Nor is CSC asserting a so-called Faragher-Ellerth defense,
under which an employer may be shielded from liability if it can
show by a preponderance of the evidence that it both "exercised
reasonable care to prevent and correct promptly any . . .
harassing behavior" and that the "employee unreasonably failed
to take advantage of any preventative or corrective
opportunities provided by the employer or to avoid harm
otherwise." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742,
765 (1998); Faragher v. City of Boca Raton, 524 U.S. 775 (1998).
Where, as here, a tangible employment action has been taken
against the employee, the Faragher-Ellerth defense is
unavailable.  See Ellerth, 524 U.S. at 765 ("No affirmative
defense is available, however, when the supervisor's harassment
culminates in a tangible employment action, such as discharge,
demotion, or undesirable reassignment.").

at 1-2.  This argument is premature.  The court's ruling herein

is made without prejudice to revisiting the issue if

appropriate.[2]

    For the reasons set forth herein, plaintiff's motion to

compel (document no. 24) is denied.

        SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge


May 8, 2019

cc:  Counsel of record

---

[2] Relatedly, Martel argues that CSC is likely to rely on its
internal investigation – and thus waived any applicable
privileges – because it cited the investigation in its response
to the Charge of Discrimination Martel filed with the New
Hampshire Commission for Human Rights.  There appears to be no
authority supporting the proposition that a party's inclusion or
reference to an internal investigation in EEOC proceedings
necessarily waives the privilege.  See Robinson v. Time Warner,
Inc., 187 F.R.D. 144, 147 (E.D.N.Y. 1999) rejecting waiver claim
where employer's EEOC response discussed investigation and
findings where employer was not relying on adequacy of
investigation as a defense).  In the court's view, this argument
is similar to plaintiff's anticipatory "open the door" concern
and is equally premature.