UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| Marc Martel, ) | Docket No. 1:17-cv-00407-SM |
| Plaintiff, ) |  |
| v. ) |  |
| Computer Sciences Corporation, ) |  |
| Defendant. ) |  |

**PARTIES' PROPOSED REVISED DISCOVERY PLAN**
**Fed. R. Civ. P. 26(f)**

1. **DATE AND PLACE OF CONFERENCE**: Phone call between counsel on May 15, 2019.

2. **COUNSEL PRESENT/REPRESENTING**: Heather M. Burns, Lauren S. Irwin, and Brooke Lovett Shilo for the Plaintiff; William D. Pandolph, F. Daniel Wood, and Bryan Edward Bowdler for the Defendant.

**CASE SUMMARY**

3. **THEORY OF LIABILITY**: Plaintiff's Complaint alleges age discrimination in violation of N.H. RSA 354-A and under the ADEA, 29 U.S.C. §§621-34.

**THEORY OF DEFENSE**:   General denial, affirmative and other defenses.

4. **DAMAGES**:   The Plaintiff seeks damages in the form of lost wages and benefits, future lost wages and benefits, compensatory damages, enhanced compensatory damages, liquidated damages, interest, and attorneys' fees and costs.

5. **DEMAND**:  Deadline already passed.

6. **OFFER**:  Deadline already passed.

7. **JURISDICTIONAL QUESTIONS**:  None.

8. **QUESTIONS OF LAW**:  None anticipated at this time.  The parties reserve the right to brief and argue questions of law as they develop.

9. **TYPE OF TRIAL**: Jury.

## DISCOVERY

10. **TRACK ASSIGNMENT**:  Plaintiff requests Complex  - 18 months and alleges complex factual issues involving large layoffs at a very large company and allegations of a pattern of age discrimination encouraged and endorsed by top level management.  The Plaintiff expects extensive discovery as well as the likely use of statistical evidence and expert.  Defendant requests Standard track assignment, as the action involves a single plaintiff and a single claim related to a discreet Reduction in Force action and selection decision by specific individuals, and none of the factors for Complex assignment identified in Local Rule 40.1(a)(4) are present.

11. **DISCOVERY NEEDED**:  Depositions, interrogatories, requests for production, and/or requests for admission on issues relating to liability and damages.

12. **MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1))**:  The parties agree that initial disclosures may be extended to:  Deadline already passed.

13. **ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f))**: The parties agree to produce electronically stored information ("ESI") as permitted under Fed. R. Civ. P. 34.  The parties acknowledge that they have an ongoing duty to preserve all evidence (including ESI) which may be relevant to this case.

ESI will be produced as follows, except when otherwise agreed to by the parties (Defendants reserve the right to request a different format of production if Plaintiff's production of documents is more voluminous than currently anticipated):

- PDF format. Unless later agreed by both parties or otherwise ordered by the Court, native files will be electronically converted to PDF images.

- PDF endorsement. Each page of each PDF image will be endorsed with a unique bates number.

- Bates numbers will have prefixes to indicate the producing party.

- PDF images may also be endorsed with suitable confidentiality legends.

The parties agree that the inadvertent disclosure, during any phase of this proceeding, of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as attorney-client privileged communications or attorney-client work product shall NOT result in the waiver of any privilege for that document, nor shall it result in a subject matter waiver of any kind if the producing party of the inadvertently disclosed document, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.

Except in the event that the requesting party disputes the claim, any documents which the producing party deems to contain inadvertently disclosed attorney-client privileged communications or attorney-client work product shall be, upon written request, immediately returned to the producing party or destroyed at the producing party's option.  This includes all copies, electronic or otherwise, of any such documents and both parties agree no further copies of the inadvertently disclosed documents will be made.

14. **STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R. Civ. P. 26(f))**:  The parties agree that in the event a disclosing party inadvertently produces privileged materials, it will immediately notify the requesting party of such disclosure.  After the requesting party is so notified, it will return, sequester, or destroy all information and copies and may not disclose or use this information in the course of the litigation until the claim of privilege or protection as to trial preparation materials is resolved.  The parties further agree that should material protected by the attorney-client privilege and/or the work product doctrine be inadvertently produced during discovery, such material will not constitute a general waiver of privilege.  Finally, the parties agree that they will attempt to resolve disputes regarding the assertion of privilege between themselves.  If they are unable to do so, the parties will file a motion with the Court for *in camera* review and a decision on the issue.

15. **COMPLETION OF DISCOVERY**:  January 21, 2020 for fact discovery and March 21, 2020 for expert discovery.

16. **INTERROGATORIES**:  Plaintiff requests to  propound a maximum of 50 Interrogatories to the Defendant absent agreement of the parties or leave of the Court.  Defendant requests the limit of 25 Interrogatories imposed by Rule 33, absent agreement of the parties or leave of the Court.

17. **REQUESTS FOR ADMISSION**:  A maximum of 25 requests for admissions by each party to any other party.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

18. **DEPOSITIONS**:  Pursuant to Rule 30, the parties agree to a maximum of 10 depositions by each party absent agreement of the parties or leave of the Court.  Each deposition shall be limited to 7 hours, unless extended by agreement of the parties or leave of the Court.

19. **DATES OF DISCLOSURE OF EXPERTS AND WRITTEN REPORTS AND SUPPLEMENTATIONS**:

**From Plaintiff**:  October 15, 2019

**From Defendants**:  December 2, 2019

Supplementation under Rule 26(e) is to be made seasonably, pursuant to the Rule.  Should there be any expert reports, the parties will use the form specified in Rule 26(a)(2).

20. **CHALLENGES TO EXPERT TESTIMONY**: By close of discovery.

**OTHER ITEMS**

22. **DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES**: If Defendants claim that unnamed parties are at fault (*see DeBenedetto v. CLD Consulting Engineers, Inc.*, 153 N.H. 793 (2006), Defendants shall disclose the identity of every such unnamed party and the basis of the allegation by:  Deadline already passed.

23. **JOINDER OF ADDITIONAL PARTIES**:

   Plaintiff:   Deadline already passed.

   Defendant:  Deadline already passed.

24. **THIRD-PARTY ACTIONS**: None anticipated.

25. **AMENDMENT OF PLEADINGS:**

   By Plaintiff:  Deadline already passed.

   By Defendant:  Deadline already passed.

26. **DISPOSITIVE MOTIONS**:

   **To Dismiss**: Deadline already passed.  However, Defendant will have 30 days from the Court's granting of any Motion to Amend to file a Motion to Dismiss.

   **For Summary Judgment**: January 21, 2020.  (The Parties shall each file no more than one motion for summary judgment).

27. **SETTLEMENT POSSIBILITIES**:   It is premature for the parties to assess settlement possibilities.

28. **JOINT STATEMENT RE: MEDIATION**:  The parties have concluded that Mediation would not be productive at this time, but will reassess on October 1, 2019.

29. **WITNESSES AND EXHIBITS**:  No date necessary; to be set by the Court in connection with its scheduling of the final pretrial conference and the issuance of the trial assignment.

30. **TRIAL ESTIMATE**:  7 to 10 days.

31. **TRIAL DATE**:  The weeks of May 19 and 25, 2020.

32. **OTHER MATTERS**:  Counsel for the parties had a phone call on May 15, 2019 to discuss Plaintiff's counsel's discovery letter of May 3, 2019.  The Plaintiff agreed to give Defendant until June 3, 2019, to provided responsive documents that Defendant has agreed to produce.  The parties agreed to request a Discovery Conference with the Magistrate Judge, as was offered by the Magistrate Judge at a discovery hearing on April 4, 2019.

                                             Respectfully submitted,

                                             MARC MARTEL, Plaintiff

                                             By His Attorneys
                                             UPTON & HATFIELD, LLP

Date:  May 20, 2019                  By:  /s/ Heather M. Burns
                                             Heather M. Burns (NHBA #8799)
                                             Lauren S. Irwin (NHBA #10544)
                                             Brooke Lovett Shilo (NHBA #20794)
                                             10 Centre Street, PO Box 1090
                                             Concord, NH  03302-1090
                                             (603) 224-7791
                                             hburns@uptonhatfield.com

                      AND

                                             COMPUTER SCIENCES CORPORATION,
                                             Defendant
                                             By Its Attorneys

Date:  May 20, 2019                  By:  /s/ William D. Pandolph
                                             William D. Pandolph (NHBA #5579)
                                             Sulloway & Hollis P.L.L.C.
                                             9 Capitol Street & 29 School Street
                                             Concord, NH 03301
                                             (603) 224-2341
                                             wpandolph@sulloway.com

Date:  May 20, 2019                  By:  /s/ F. Daniel Wood
                                             F. Daniel Wood (admitted *pro hac vice*)
                                             The Kullman Firm, P.L.C.
                                             600 University Park Place, Suite 340
                                             Birmingham, AL 35209
                                             (205) 871-5858
                                             fdw@kullmanlaw.com

Date:  May 20, 2019						By: /s/ Bryan Edward Bowdler
							Bryan Edward Bowdler (admitted *pro hac vice*)
							The Kullman Firm, P.L.C.
							1100 Poydras Street, Suite 1600
							New Orleans, LA  70163
							(504) 524-4162
							beb@kullmanlaw.com